IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Visto Corporation d/b/a Good Technology, <br><br> Plaintiff, <br><br> v. <br><br> Fixmo U.S., Inc., <br><br> Defendants. | Civil Action No.  3:12-cv-00060 <br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Visto Corporation, doing business as Good Technology ("Good"), files this Original Complaint for Patent Infringement against Fixmo U.S., Inc. ("Fixmo").

### PARTIES

1.  Plaintiff Good is a Delaware corporation with its principal place of business at 430 N. Mary Ave., Suite 200, Sunnyvale, CA 94085.  Good has other offices, including one at 1505 LBJ Freeway, Suite 350, Farmers Branch, Texas 75234.

2.  Defendant Fixmo is a Delaware corporation, with its principal place of business at 22375 Broderick Dr. Suite 227, Sterling, Virginia 20166.  Fixmo is doing business and infringing Good's patents in Texas and elsewhere in the United States.

### JURISDICTION AND VENUE

3.  This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 *et seq*. and 281-285.

4.  Fixmo is transacting and/or has transacted business within the State of Texas. Fixmo, directly or through intermediaries, is committing and/or has committed acts of

1

infringement in the State of Texas, including at the very least, developing, distributing, selling, offering for sale, advertising, using and/or supporting products or services that fall within one or more claims of Good's patents.  Fixmo is therefore subject to the personal jurisdiction of this Court.

5. Fixmo, directly or through intermediaries, has committed acts of infringement in this District, including at the very least, developing, distributing, selling, offering for sale, advertising, using and/or supporting products or services that fall within one or more claims of Good's patents.  Accordingly, venue to adjudicate whether Good's patents are infringed is appropriate in the Northern District of Texas pursuant to 28 U.S.C. §§ 1391, 1400(b), and 1404(a).

6. For example, Fixmo currently is marketing and selling its products, including those products that infringe Good's patents, in Texas (including the Northern District) and elsewhere in the United States.  Fixmo develops, distributes, sells, offers for sale, advertises, uses and/or supports accused products and services in this State and in this District.  Fixmo has commercial relationships with various entities in this State.  Fixmo also markets and sells its products directly to customers in the State of Texas and the Northern District through its website www.fixmo.com.

## GENERAL ALLEGATIONS

7. Good holds all right, title, and interest in and to United States Patent No. 6,023,708, entitled "System And Method For Using A Global Translator To Synchronize Workspace Elements Across A Network" ("'708 Patent"), which was duly and legally issued by the United States Patent & Trademark Office ("USPTO") on February 8, 2000 in the name of Daniel J. Mendez et al.  A copy of the '708 Patent is attached as Exhibit A.  A Reexamination

Certificate for the '708 Patent was duly and legally issued by the USPTO on June 2, 2009. A copy of the Reexamination Certificate of the '708 Patent is attached as Exhibit B.

8. Good holds all right, title, and interest in and to United States Patent No. 6,085,192, entitled "System And Method For Securely Synchronizing Multiple Copies Of A Workspace Element In A Network" ("'192 Patent"), which was duly and legally issued by the USPTO on July 4, 2000 in the name of Daniel J. Mendez et al. A copy of the '192 Patent is attached as Exhibit C. A Reexamination Certificate for the '192 Patent was duly and legally issued by the USPTO on November 22, 2005. A copy of the Reexamination Certificate of the '192 Patent is attached as Exhibit D. A second Reexamination Certification for the '192 Patent was duly and legally issued by the USPTO on April 28, 2009. A copy of the second Reexamination Certificate of the '192 Patent is attached as Exhibit E.

9. Good holds all right, title, and interest in and to United States Patent No. 6,151,606, entitled "System And Method For Using A Workspace Data Manager to Access, Manipulate and Synchronize Network Data" ("'606 Patent"), which was duly and legally issued by the USPTO on November 21, 2000 in the name of Daniel J. Mendez. A copy of the '606 Patent is attached as Exhibit F. A Reexamination Certificate for the '606 Patent was duly and legally issued by the USPTO on March 24, 2009. A copy of the Reexamination Certificate of the '606 Patent is attached as Exhibit G.

10. Good holds all right, title, and interest in and to United States Patent No. 6,708,221, entitled "System And Method For Globally And Securely Accessing Unified Information In A Computer Network" ("'221 Patent"), which was duly and legally issued by the USPTO on March 16, 2004 in the name of Daniel J. Mendez et al. A copy of the '221 Patent is attached as Exhibit H. A Reexamination Certificate for the '221 Patent was duly and legally

issued by the USPTO on June 30, 2009. A copy of the Reexamination Certificate of the '221 Patent is attached as Exhibit I.

11. Good holds all right, title, and interest in and to United States Patent No. 7,039,679, entitled "System And Method For Globally And Securely Accessing Unified Information In A Computer Network" ("'679 Patent"), which was duly and legally issued by the USPTO on May 2, 2006 in the name of Daniel J. Mendez et al. A copy of the '679 Patent is attached as Exhibit J. A Reexamination Certificate for the '679 Patent was duly and legally issued by the USPTO on March 24, 2009. A copy of the Reexamination Certificate of the '679 Patent is attached as Exhibit K.

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 6,023,708

12. Good refers to and incorporates herein the allegations of Paragraphs 1-11 above.

13. Fixmo makes, uses, sells, offers for sale, exports, supplies, and/or distributes within and from the United States products and/or services that allow for over-the-air synchronization of data with smartphone and/or other devices (the "'708 Accused Products"). Among such products is Fixmo's SafeZone product, which Fixmo sells or offers to sell with its Sentinel and other products. In addition, Fixmo provides these products and/or services to distributors, resellers, developers and/or users.

14. Fixmo has been and is now directly infringing the '708 Patent in this District and elsewhere by making, using, offering for sale, selling, importing, exporting, supplying and/or distributing within, to, and/or from the United States the '708 Accused Products, in violation of 35 U.S.C. § 271(a). Alternatively, Fixmo has indirectly infringed one or more claims of the '708 Patent by inducing such use of the claimed methods and systems by its end user customers using the '708 Accused Products in violation of 35 U.S.C. § 271(b). Alternatively, Fixmo has

contributorily infringed one or more claims of the '708 Patent by providing the '708 Accused Products directly or by way of distributors and/or resellers to end users, who in turn combine the '708 Accused Products, which have no substantial non-infringing uses, with available hardware and/or software to infringe one or more claims of the '708 Patent in violation of 35 U.S.C. § 271(c). Alternatively, Fixmo has supplied in or from the United States the '708 Accused Products, which comprise all or a substantial portion of the components of the claims of the '708 Patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(1). Alternatively, Fixmo has supplied in or from the United States the '708 Accused Products, uncombined in whole or in part, which products are especially made or especially adapted for use in practicing the claims of the '708 Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(2).

15. Good has provided notice of the '708 Patent to Fixmo.

16. Upon information and belief, Fixmo had and has knowledge of the '708 Patent, Fixmo has been and is aware of its infringement, and Fixmo's infringement has been and continues to be willful.

17. Good has been irreparably harmed by Fixmo's acts of infringement of the '708 Patent, and will continue to be harmed unless and until Fixmo's acts of infringement are enjoined and restrained by order of this Court. Good has no adequate remedy at law to redress Fixmo's

5

continuing acts of infringement. The hardships that would be imposed upon Fixmo by an injunction are less than those faced by Good should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

18.     As a result of Fixmo's acts of infringement, Good has suffered and will continue to suffer damages in an amount to be proved at trial.

**COUNT 2:  INFRINGEMENT OF U.S. PATENT NO. 6,085,192**

19.     Good refers to and incorporates herein the allegations of Paragraphs 1-18 above.

20.     Fixmo makes, uses, sells, offers for sale, exports, supplies, and/or distributes within and from the United States products and/or services that allow for over-the-air synchronization of data with smartphone and/or other devices (the "'192 Accused Products"). Among such products is Fixmo's SafeZone product, which Fixmo sells or offers to sell with its Sentinel and other products. In addition, Fixmo provides these products and/or services to distributors, resellers, developers and/or users.

21.     Fixmo has been and is now directly infringing the '192 Patent in this District and elsewhere by making, using, offering for sale, selling, importing, exporting, supplying and/or distributing within, to, and/or from the United States the '192 Accused Products, in violation of 35 U.S.C. § 271(a). Alternatively, Fixmo has indirectly infringed one or more claims of the '192 Patent by inducing such use of the claimed methods and systems by its end user customers using the '192 Accused Products in violation of 35 U.S.C. § 271(b). Alternatively, Fixmo has contributorily infringed one or more claims of the '192 Patent by providing the '192 Accused Products directly or by way of distributors and/or resellers to end users, who in turn combine the '192 Accused Products, which have no substantial non-infringing uses, with available hardware and/or software to infringe one or more claims of the '192 Patent in violation of 35 U.S.C. §

6

271(c). Alternatively, Fixmo has supplied in or from the United States the '192 Accused Products, which comprise all or a substantial portion of the components of the claims of the '192 Patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(1). Alternatively, Fixmo has supplied in or from the United States the '192 Accused Products, uncombined in whole or in part, which products are especially made or especially adapted for use in practicing the claims of the '192 Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(2).

22. Good has provided notice of the '192 Patent to Fixmo.

23. Upon information and belief, Fixmo had and has knowledge of the '192 Patent, Fixmo has been and is aware of its infringement, and Fixmo's infringement has been and continues to be willful.

24. Good has been irreparably harmed by Fixmo's acts of infringement of the '192 Patent, and will continue to be harmed unless and until Fixmo's acts of infringement are enjoined and restrained by order of this Court. Good has no adequate remedy at law to redress Fixmo's continuing acts of infringement. The hardships that would be imposed upon Fixmo by an injunction are less than those faced by Good should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

25.     As a result of Fixmo's acts of infringement, Good has suffered and will continue to suffer damages in an amount to be proved at trial.

### COUNT 3:  INFRINGEMENT OF U.S. PATENT NO. 6,151,606

26.     Good refers to and incorporates herein the allegations of Paragraphs 1-25 above.

27.     Fixmo makes, uses, sells, offers for sale, exports, supplies, and/or distributes within and from the United States products and/or services that allow for over-the-air synchronization of data with smartphone and/or other devices (the "'606 Accused Products"). Among such products is Fixmo's SafeZone product, which Fixmo sells or offers to sell with its Sentinel and other products. In addition, Fixmo provides these products and/or services to distributors, resellers, developers and/or users.

28.     Fixmo has been and is now directly infringing the '606 Patent in this District and elsewhere by making, using, offering for sale, selling, importing, exporting, supplying and/or distributing within, to, and/or from the United States the '606 Accused Products, in violation of 35 U.S.C. § 271(a).  Alternatively, Fixmo has indirectly infringed one or more claims of the '606 Patent by inducing such use of the claimed methods and systems by its end user customers using the '606 Accused Products in violation of 35 U.S.C. § 271(b).  Alternatively, Fixmo has contributorily infringed one or more claims of the '606 Patent by providing the '606 Accused Products directly or by way of distributors and/or resellers to end users, who in turn combine the '606 Accused Products, which have no substantial non-infringing uses, with available hardware and/or software to infringe one or more claims of the '606 Patent in violation of 35 U.S.C. § 271(c).  Alternatively, Fixmo has supplied in or from the United States the '606 Accused Products, which comprise all or a substantial portion of the components of the claims of the '606 Patent, where such components are uncombined in whole or in part, in such manner as to

8

actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(1).  Alternatively, Fixmo has supplied in or from the United States the '606 Accused Products, uncombined in whole or in part, which products are especially made or especially adapted for use in practicing the claims of the '606 Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(2).

29. Good has provided notice of the '606 Patent to Fixmo.

30. Upon information and belief, Fixmo had and has knowledge of the '606 Patent, Fixmo has been and is aware of its infringement, and Fixmo's infringement has been and continues to be willful.

31. Good has been irreparably harmed by Fixmo's acts of infringement of the '606 Patent, and will continue to be harmed unless and until Fixmo's acts of infringement are enjoined and restrained by order of this Court.  Good has no adequate remedy at law to redress Fixmo's continuing acts of infringement.  The hardships that would be imposed upon Fixmo by an injunction are less than those faced by Good should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

32. As a result of Fixmo's acts of infringement, Good has suffered and will continue to suffer damages in an amount to be proved at trial.

### COUNT 4:  INFRINGEMENT OF U.S. PATENT NO. 6,708,221

33. Good refers to and incorporates herein the allegations of Paragraphs 1-32 above.

9

34. Fixmo makes, uses, sells, offers for sale, exports, supplies, and/or distributes within and from the United States products and/or services that allow for over-the-air synchronization of data with smartphone and/or other devices (the "'221 Accused Products"). Among such products is Fixmo's SafeZone product, which Fixmo sells or offers to sell with its Sentinel and other products. In addition, Fixmo provides these products and/or services to distributors, resellers, developers and/or users.

35. Fixmo has been and is now directly infringing the '221 Patent in this District and elsewhere by making, using, offering for sale, selling, importing, exporting, supplying and/or distributing within, to, and/or from the United States the '221 Accused Products, in violation of 35 U.S.C. § 271(a).  Alternatively, Fixmo has indirectly infringed one or more claims of the '221 Patent by inducing such use of the claimed methods and systems by its end user customers using the '221 Accused Products in violation of 35 U.S.C. § 271(b).  Alternatively, Fixmo has contributorily infringed one or more claims of the '221 Patent by providing the '221 Accused Products directly or by way of distributors and/or resellers to end users, who in turn combine the '221 Accused Products, which have no substantial non-infringing uses, with available hardware and/or software to infringe one or more claims of the '221 Patent in violation of 35 U.S.C. § 271(c).  Alternatively, Fixmo has supplied in or from the United States the '221 Accused Products, which comprise all or a substantial portion of the components of the claims of the '221 Patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(1).  Alternatively, Fixmo has supplied in or from the United States the '221 Accused Products, uncombined in whole or in part, which products are especially made or

especially adapted for use in practicing the claims of the '221 Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(2).

36. Good has provided notice of the '221 Patent to Fixmo.

37. Upon information and belief, Fixmo had and has knowledge of the '221 Patent, Fixmo has been and is aware of its infringement, and Fixmo's infringement has been and continues to be willful.

38. Good has been irreparably harmed by Fixmo's acts of infringement of the '221 Patent, and will continue to be harmed unless and until Fixmo's acts of infringement are enjoined and restrained by order of this Court. Good has no adequate remedy at law to redress Fixmo's continuing acts of infringement. The hardships that would be imposed upon Fixmo by an injunction are less than those faced by Good should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

39. As a result of Fixmo's acts of infringement, Good has suffered and will continue to suffer damages in an amount to be proved at trial.

### COUNT 5: INFRINGEMENT OF U.S. PATENT NO. 7,039,679

40. Good refers to and incorporates herein the allegations of Paragraphs 1-39 above.

41. Fixmo makes, uses, sells, offers for sale, exports, supplies, and/or distributes within and from the United States products and/or services that allow for over-the-air synchronization of data with smartphone and/or other devices (the "'679 Accused Products"). Among such products is Fixmo's SafeZone product, which Fixmo sells or offers to sell with its

Sentinel and other products. In addition, Fixmo provides these products and/or services to distributors, resellers, developers and/or users.

42.   Fixmo has been and is now directly infringing the '679 Patent in this District and elsewhere by making, using, offering for sale, selling, importing, exporting, supplying and/or distributing within, to, and/or from the United States the '679 Accused Products, in violation of 35 U.S.C. § 271(a).  Alternatively, Fixmo has indirectly infringed one or more claims of the '679 Patent by inducing such use of the claimed methods and systems by its end user customers using the '679 Accused Products in violation of 35 U.S.C. § 271(b).  Alternatively, Fixmo has contributorily infringed one or more claims of the '679 Patent by providing the '679 Accused Products directly or by way of distributors and/or resellers to end users, who in turn combine the '679 Accused Products, which have no substantial non-infringing uses, with available hardware and/or software to infringe one or more claims of the '679 Patent in violation of 35 U.S.C. § 271(c).  Alternatively, Fixmo has supplied in or from the United States the '679 Accused Products, which comprise all or a substantial portion of the components of the claims of the '679 Patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(1).  Alternatively, Fixmo has supplied in or from the United States the '679 Accused Products, uncombined in whole or in part, which products are especially made or especially adapted for use in practicing the claims of the '679 Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside

McKool 406331v1

of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(2).

43. Good has provided notice of the '679 Patent to Fixmo.

44. Upon information and belief, Fixmo had and has knowledge of the '679 Patent, Fixmo has been and is aware of its infringement, and Fixmo's infringement has been and continues to be willful.

45. Good has been irreparably harmed by Fixmo's acts of infringement of the '679 Patent, and will continue to be harmed unless and until Fixmo's acts of infringement are enjoined and restrained by order of this Court. Good has no adequate remedy at law to redress Fixmo's continuing acts of infringement. The hardships that would be imposed upon Fixmo by an injunction are less than those faced by Good should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

46. As a result of Fixmo's acts of infringement, Good has suffered and will continue to suffer damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Good requests the following relief:

A. That Fixmo and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, using, importing, exporting, distributing, supplying, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claim of the '708, '192, '606, '221 and '679 Patents, or otherwise infringing or contributing to or inducing infringement of any claim thereof;

McKool 406331v1

B. A finding that Fixmo has infringed the '708, '192, '606, '221 and '679 Patents;

C. That Good be awarded its actual damages;

D. That Good be awarded pre-judgment interest and post-judgment interest at the maximum rate allowed by law, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '708, '192, '606, '221 and '679 Patents by Fixmo to the day a damages judgment is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

E. That the Court order an accounting for damages through judgment and post-judgment until Fixmo is permanently enjoined from further infringing activities;

F. That the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285 and require Fixmo to pay the costs of this action (including all disbursements) and attorney's fees as provided by 35 U.S.C. § 285;

G. That the Court award enhanced damages pursuant to 35 U.S.C. § 284;

H. That the Court award supplemental damages for any continuing post-verdict infringement up until Fixmo is permanently enjoined from further infringing activities;

I. That the Court award a compulsory future royalty in the event an injunction is not awarded; and

J. That Good be awarded such other and further relief as the Court deems just and proper.

McKool 406331v1

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Good demands a trial by jury on all issues triable of right by a jury.

DATED: January 6, 2012

Respectfully submitted,

By: /s/ Steven Callahan
   Theodore Stevenson, III
    Texas State Bar No. 19196650
    tstevenson@mckoolsmith.com

Steven J. Pollinger
  Texas State Bar No. 2411919
  spollinger@mckoolsmith.com
Geoffrey L. Smith
  Texas State Bar No. 24041939
  gsmith@mckoolsmith.com
McKool Smith, P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Steven Callahan
  Texas State Bar No. 24053122
  scallahan@mckoolsmith.com
Ashley N. Moore
  Texas Bar No. 24074748
  amoore@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

*Counsel for Plaintiff Visto Corporation d/b/a Good Technology*